## The Indianapolis and St. Louis Railroad Company
## v.
## John Dawson.

Agent—Authority to Employ Assistant.—Appellant employed P. as detective to recover a lot of stolen goods and capture the thieves. P. engaged appellee to assist him, telling him that if the company didn't pay him he (P.) would. The evidence failing to show any authority in P. to employ appellee for the company, the verdict cannot be supported.

Appeal from Alton City Court; the Hon. Henry S. Baker, Judge, presiding.

Mr. J. H. Yager, for appellant; that the authority of the servants of a carrier is a question of fact to be determined by the jury, and the burden of proof is upon the party claiming such

I. & St. L. R. R. Co. v Dawson.

authority, cited 2 Redfield on Railways, 131; Thurman v.Wells, 18 Barb. 500.

A party claiming to be an agent cannot establish such agency by his own uncorroborated testimony: Maxey v. Heckethorn, 44 Ill. 437.

Declarations of an agent, to be admissible as evidence, must have been made in respect to matters within the scope of his employment: Osgood v. Bringhoff, 32 Iowa, 265; Rawson v. Curtis, 19 Ill. 456.

Instructions should be based on evidence in the case: Gibson v.Webster, 44 Ill. 483; Harmit v. Thompson, 46 Ill. 460; Bullock v. Narratt, 49 Ill. 62.

Mr. JOHN J. BRENHOLT, for appellee; that an agent binds his principal by such subordinate acts as are necessary to be done in connection with the principal act, cited 2 Parsons on Contracts, 57.

Where a principal allows his agent to so act as to give one employed by him reason to believe that he is employed by the principal, he will be bound: Gowen Marble Company v. Tarrant, 73 Ill. 608.

Appellee supposed, and had a right to suppose, from the conduct of the officers of appellant that the company was his employer: Wilson Sewing Machine Co. v. Boyington, 73 Ill. 534; I. & St. L. R. R. Co. v. Miller, 71 Ill. 463.

ALLEN, J. This suit was brought by appellee against appellant in the City Court of Alton, and tried by a jury. Verdict for Appellee for $100. Motio for new trial overruled, and judgment for appellee for one hundred dollars and cost, from which judgment the cause is brought to this court on appeal.

Appellee testified that he was marshal of the city; that in 1875 N. B. Prettyman informed appellee that appellant had offered a reward of $100 for the capture of thieves, and recovery of goods stolen from appellant's cars near Alton; that Prettyman had been acting as detective for appellant, and promised appelle that appellant should pay him, appellee, if he recovered

the goods, and that if appellant did not pay, he, Prettyman, would; that under the arrangement, he, appellee, passed over appellant's road to Mattoon free of charge; that while in appellant's office in Mattoon, saw Judge Steel, who promised appellee that if he captured the thieves and recovered the goods, he (Steel) would see that appellee was well paid. "I captured the thieves, and they were sent to the penitentiary." "I also recovered the greater part of the goods value $400." " I don't know if Prettyman had any authority from the company to employ me on behalf of the company."

Dawson, ticket agent, and Burgess, freight agent, both testify as to return of goods captured by appellee.

Dawson says he knows that Prettyman was working the case, and that appellee, was in telegraphic communication with Prettyman at Mattoon.

Lewis Hurvel testifies that he was present with appellee and Prettyman in saloon in Alton. Prettyman said to Dawson, "he would pay Dawson $100 if he would recover goods and capture the thieves."

Philip Riley testifies that he heard Prettyman say he would pay for all trouble appellee would be at.

On part of appellant, Egbert B. McClure testifies: Was general freight agent for appellant. Appellant hired Prettyman as detective in certain cases. Prettyman had no authority from appellant to employ others; never was regularly employed by appellant; was employed in this case to work it up and recover stolen property, for which appellant promised to pay him $100 for recovery of goods stolen. Appellant paid Prettyman $160 for recovery of goods and capture of thieves. Judge Steel was never the regular attorney of appellant; was sometimes employed by it in cases in Mattoon, where he resides. Appellant has no regular detectives; only pays detectives by the job.

The court gave to the jury two instructions, to both of which exceptions were taken by appellant. We discover no objection to the first, but the second instruction is objectionable. It reads as follows:

2. "If the jury believe from the evidence that John Dawson was employed by the Indianapolis and St. Louis Railroad

Company, and that the company received the benefit of said services, then the jury must find for the plaintiff in any amount not exceeding $400."

This instruction lends to the jury a very wide discretion. It should have restricted them in their finding to such sum as the evidence showed his services were worth, or to such sum as they believed from the evidence appellant had agreed to pay, but the jury may well have concluded that under this instruction they were only limited in their finding to the sum of $400.

It was error to give the instruction in that form, but upon the whole evidence in this case, we fail to find enough to support this verdict. It turns upon the question as to whether Prettyman was authorized by appellant to employ others to to capture thieves and goods at appellant's expense. We think the evidence wholly fails to show such authority. Taking the testimony of appellee himself, it leaves the mind in doubt as to whether he regarded himself employed by appellant or by Prettyman, for he says Prettyman told him "if the company did n't pay him he would."

McClure testifies that Prettyman was only employed by the company by the job; never in regular employment, and the same as to Steel's employment. We think the evidence fails to show any authority in Prettyman (or Steel either) to employ appellee, and that the evidence fails to support the verdict of the jury. Judgment of court below reversed and cause remanded.

Reversed and remanded.